LIMITS—See Escape 1, 2.

———◆———

LUNATIC—See Insanity.

———◆———

MAJORITY IN AGE—See Female.

———◆———

# M.

## MALICIOUS PROSECUTION.

### HATHAWAY *against* ALLEN.   *Franklin*, 1819.

IN an action on the case, for maliciously prosecuting a civil suit, on a note in the name of a third person, the recovery of a Judgment, in the suit complained of, in favor of the creditor, is conclusive evidence of probable cause; the declaration stating such a judgment, although it avers the same was obtained with malice, and full knowledge that there was no cause of action; and, that defendant, as plaintiff's agent, knew the note was paid, is *insufficient.*

A perpetual injunction from Chancery, does not do away the effect of the judgment, as conclusive evidence of probable cause.

THIS was an action on the case.    Declaration stated, that defendant, wrongfully and unjustly contriving and intending to imprison and harass the plaintiff, did falsely and maliciously cause a writ of attachment to be issued, from the Circuit Court

of the United States, returnable to May term, A. D. 1814, in the name, and favor of one William Hull, on a note of hand, dated January 16, A. D. 1801, executed by said Silas, for $6000, payable in six months, with interest, directed to the Marshal, &c. demanding damages $14,000; that said note had been, before the praying out of said writ, paid to said Hull, by plaintiff; that said Hull had no claim or demand, or probable cause of action, against the plaintiff, on said note or otherwise; all which was well known to said Heman.

And the said Heman, with full knowledge, &c.* did procure the said writ to be put into the hands of a deputy marshal, and in April, A. D. 1814, caused the said Silas to be arrested, and taken into custody, &c. and caused him to procure bail for his appearance at said Court; and plaintiff was compelled to attend said Court, at great loss, &c. and defendant caused said writ to be entered, plaintiff to procure special bail, and the cause continued to October term, 1814.

And, the defendant did obtain a judgment, in the suit aforesaid, in favor of said William Hull, at said Court, for $10,930,37 damages, and $27,46 costs, well knowing there was no cause of action against the said Silas; and the defendant caused an execution to issue on said judgment, and plaintiff to be committed to prison, and there kept for the term of three years, without any reasonable or probable cause. That plaintiff brought a suit in chancery, against said Hull and Allen, before said Circuit Court, at May term, 1815, to vacate said judgment and perpetually enjoin said execution and judgment, which was entered in said Court, May term, 1815; that, at said term of said Court, he obtained an injunction on said execution, dated May 9, 1815, and caused the same to be served on defendant, before he had caused said Silas to be imprisoned, as aforesaid; that defendant, in defiance of said injunction, caused plaintiff to be imprisoned, as aforesaid; that defendant delayed the

---

* Every act of defendant, throughout the declaration, is charged, that, "with a wicked and malicious intent, wrongfully and unjustly contriving to imprison, harrass, and injure, did falsely and maliciously," or words of the same import.

17

decision of said chancery suit, until October term, 1818 ; that, at October term, 1818, plaintiff obtained a decree, that said note was paid, previous to the commencement of the aforesaid suit, on said note, and a perpetual injunction on said judgment and execution. Plaintiff says, that all said doings of the defendant, were wicked, &c. and intended to ruin said Silas, in reputation and property ; that, by reason of the premises, plaintiff suffered great pain in body and mind, his health was greatly injured and impaired, and his life exposed, and he was hindered and molested in his business, especially in several law-suits, by which he lost the demands, to the amount of fifty thousand dollars. Plaintiff avers he expended $5000, in prosecuting his suit in chancery ; that he paid large sums of money in his suits, lost by his unlawful imprisonment ; that defendant, as agent and servant of the plaintiff, did, in 1805, pay said note to the said William, with the property of the said Silas, and that the said William, did, then and there receive the same, in full satisfaction of said note, and that defendant received said note of said William Hull, to deliver to the said Silas ; that defendant had full knowledge of all the facts aforesaid, and that defendant's acts were malicious, and done with a view to oppress, &c. and to extort large sums of money and claims, that plaintiff legally and justly held against said Heman. To the damage of the plaintiff $100,000.

*Plea*—In bar, recites the execution of the note to Hull, that on the 1st day of March, 1805, the same being unpaid, and still due from said Silas, to said William Hull, the said Hull, for a good and valuable consideration, assigned to said Heman, to his own use and benefit, the said note ; that defendant, for the purpose of collecting the said debt, instituted a suit, and prayed out a writ of attachment, returnable to the Circuit Court May term, 1814, which writ was legally served ; that said writ was duly returned to the Circuit Court, May term, 1814, and entered in said Court ; that said Hull appeared by his attorney, C. P. Van Ness, and said Hathaway by his attorney, *Elnathan Keyes* ; and said Hathaway prayed for and obtained a contin-

uance of said cause, to the next term of said Court, at which time the parties appeared, by their attornies, aforesaid ; and, said Silas pleaded that he did not assume, &c.

Issue to the Jury, and verdict for plaintiff 10,930 damages, and his costs ; and judgment of Court was duly rendered on said verdict, for $10,930 damages, &c. $27,49 costs ; that said Heman on the 14th day of October, 1814, prayed out a Ca. Sa. returnable in sixty days, which was returned non est ; and, on the 4th of May, 1815, said Heman caused an alias Ca. Sa. to be issued, which was delivered to the Marshal of the Vermont District, who, by virtue of said execution, and long before the injunction, mentioned in plaintiff's declaration, was granted, did arrest and confine the body of said Silas, until the 15th of of May, 1815, when he was admitted to the liberties of the prison, on giving bonds ; that said action was not prosecuted maliciously, &c. but for the purpose of collecting a just debt. Demurrer.

For plaintiff, *Royce :* That an action will lie for maliciously prosecuting a civil suit, and holding to bail, without probable cause. 1 Saunders 27, 228. 3 Term 183.

The injury from holding to bail, is the same here as in England, where an oath is necessary, and though the oath is evidence of malice, it does not preclude other evidence ; that commencing and prosecuting a civil suit, with intention to imprison and harrass the adverse party, and not to litigate a right, is actionable.

2. The judgment in the Circuit Court may shew probable cause, as to Hull, but the *gist* of this action, is the unfaithfulness of the defendant, as *agent ;* and, that he retained the evidence of payment, in his own hands, and thus compelled the plaintiff to suffer the judgment ; defendant cannot be protected by that judgment.

*Contra. Van Ness* and *Richardson,* contended : This cannot be called an action, by a principal against, his agent for misconduct, in his agency ; the averment, towards the close of the declaration, does not directly alledge the agency, but only in-

troduces the word agent, in the averment of payment ; this is an action for maliciously prosecuting a civil suit, and

1. That no action will lie for the malicious prosecution of a civil action, without probable cause. Saville v. Roberts, 1 Sal. 14. Bray v. Patrid, Cro. Eliz. 836. Crokes? James 133–4, 1 Bos. and Pull. 205. 1 Saund. 227, 6 Mod. 73.

2. Admitting that an action lies for the maliciously prosecuting a civil suit, without probably cause, yet, if by the pleadings, it appears there was any, the least cause for the prosecution, the action cannot be sustained, and in this cause the defendant insists that his having recovered a judgment, in the suit complained of, shews a sufficient probable cause ; even though the said judgment should be afterwards reversed or set aside. Reynolds v. Kenedy, 1 Wilson 232. Markham v. Pesiod, Cro. James 130. Johnson v. Sutton, 1 Term 493.

3. It is indispensably necessary that the original prosecution should have terminated in favor of the present plaintiff, before the commencement of this action. 2 Esp. N. P. 124. Goddard v. Smith, 1 Sal. 21.

4. The judgment, in the suit complained of, has never been reversed or set aside ; the bringing a bill in chancery, was an admission that the proceedings at *law*, were all regular and conformably to law, and the injunction did not operate upon the *judgmont*, but solely upon the *person*, by preventing him from proceeding farther with the judgment. 1 Mod. Chan. 108–9. Practical Reg. 250–1. 1 Collectanea Juridica 52, 72, and 59.

An injunction protects the party, obtaining it, from any farther proceedings at law ; it confers no right, as the *law* will not permit the support of the present action, the *injunction* could not confer the right ; a court of *law* cannot punish for disobeying the injunction, but the court of *chancery* only. The decree that the note was paid, does not imply that the action was unfounded, or that Allen was conversant of the payment, or that there was any fraud ; the note might have been paid in

*equity*, and not in *law*, and so no imputation of blame, for proceeding at law.

The plaintiff is presumed to have stated every fact, in his favor; he has not stated that any costs were adjudged against Allen, which shews the court of chancery did consider there was no blame attached to Allen.

5. The plea in bar, is sufficient, as it shews probable cause, by setting up special matter. 2 Esp. N. P. 126. Croke's Eliz. 900, Paine v. Rochester, Croke's Eliz. 871.

Opinion of the Court. It is important to give this action a name, in order to apply it to the principles of law. In an averment that defendant well knew the fact of payment of the note, he is called an agent, and it is attempted to call this action, one against defendant for misconduct as an agent; but the declaration does not shew any authority, given by plaintiff to defendant, or any appointment of defendant as agent, either general or special, or any subject matter of the agency; this is not an action in favor of principal against an agent; it is not an action for maliciously holding to bail. Such an action lies, only when the process is directed to hold to bail, for a sum evidently and unreasonably larger than the plaintiff's real claim. This is an action for maliciously prosecuting a civil suit, without probable cause, and the facts of imprisonment, holding to bail, &c. are alledged by way of aggravation of damages.

It is not necessary to decide, in this case,

1. Whether an action will lie, in this State, for maliciously issuing an attachment and holding to bail, without probable cause; or

2. Whether an action will lie, for maliciously prosecuting a civil suit, without probable cause; for,

In this case, the commencement of the declaration states a fact, which directly contradicts all the averments of want of probable cause; it states that the action in favor of Hull, was founded on a note, and that the want of probable cause, consisted in the payment of the note, the existence of a debt *pri-*

*ma facie* is admitted, and the fact of payment, Hull or his as-
signee had a right to contest ; the declaration shows not only
a palpable, but a sufficient cause of action *prima facie.*   The
recovery of a judgment, in the suit complained of, is still more
conclusive, and all the facts alledged, shewing want of proba-
ble cause, were matters of defence, before that judgment was
rendered.

The injunction from chancery could not do away the effect
of the judgment, as conclusive evidence of probable cause ;
it is presumed no court would ever render a judgment without
even probable cause.   Divest the declaration of verbiage, and
the great and unusual number of *opprobrious epithets*, heaped
upon every act of defendant, and which cannot alter the *nature*
of the acts themselves, and it complains of nothing more than
may be stated against every party who has brought an action
and failed to recover, or having recovered at *law*, is enjoined
by a court of *chancery.*   The declaration is unprecedented,
and cannot be supported by either practice or principle.

*Judgment*—That declaration is insufficient.